NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

TONY VEITAS, PETITIONER, v. BALBACH SMELTING AND REFINING COMPANY, RESPONDENT.

For the petitioner, *David Roskein.*

For the respondent, *McDermott, Enright & Carpenter,* by *Carl S. Kuebler.*

It was admitted that the petitioner was employed by the respondent as a mason's helper at a wage of $24.30 per week, and that he sustained an accident arising out of and in the course of his employment \* \* \*. The only question involved was the question as to the extent of permanent disability. It appeared that the petitioner received an allowance at an informal hearing of fourteen and three-sevenths weeks for temporary disability and fifteen per cent. of the left foot.

The petitioner testified \* \* \* that his foot hurts in cold or rainy weather; that he cannot walk well and at times

has a sharp pain in his foot and some pain in his knee; that he was treated by Dr. Karl Lowe and twice by Dr. Cahill. He admitted being present at the informal hearing, at which time he was represented by counsel.

Dr. Karl Lowe testified that he treated the petitioner * * * for a spiral fracture of the lower middle third of the left tibia; that X-rays were taken * * *; were introduced in evidence; that there was no fracture of the fibula; that the X-rays showed the bones to be in good position and alignment. He testified that both of the man's legs were slightly bowed, which showed some irregularity in the shape of the bone. He testified that at the time he discharged the petitioner he was able to return to his ordinary work; that there was some disability of his leg at that time amounting to about fifteen per cent., but that it would not be permanent and that all the disability was below the knee. He testified that he examined the man again the day of the hearing and found that he was not at that time suffering from any permanent disability.

Dr. Silverstein was also called by the petitioner. He testified that he examined the petitioner three or four times and concluded that there was twenty-five per cent. permanent disability to the left foot; that there was difficulty in walking; that there was angulation and that he complained of pain in the knee joint. He also testified that he found poliphera of periostitis.

Dr. Irving Venderhoff was called by the respondent and testified that he examined the petitioner, and found very little irregularity of the tibia about four inches above the ankle; that the irregularity was so slight that it was almost impossible to determine the point of the fracture; that there was no atrophy and no injury to the fibula. He testified that in his opinion there was no permanent disability, although there was some structural change for which the man should be allowed ten per cent.

I have listened to, considered and examined the testimony carefully and do find that by the weight of authority the award made to the petitioner at the informal hearing was a

fair one. I observed the witness as he walked to the witness-stand and I noticed that he walked with ease and apparently without functional disturbance. I am not deciding the case upon this fact alone, but coupled with the testimony of the doctor who treated him and Dr. Vanderhoff, I am satisfied that fifteen per cent. of the left foot would compensate him for structural changes and the amount awarded informally was a fair award.

\*  \*  \*  \*  \*  \*  \*  \*

HARRY J. GOAS,
*Deputy Commissioner.*